IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v.<br><br>BRENDA PEREZ GARCIA<br><br>Defendant | CRIMINAL NO. 15-561 (JAG) |

**DEFENDANT BRENDA PEREZ GARCIA'S MOTION FOR
THE COURT TO TAKE JUDICIAL NOTICE OF THE
GOVERNMENT'S INCONSISTENT LITIGATION
POSITION BEFORE THIS COURT IN THE RECENTLY FILED INDICTMENT
AGAINST *CREATIVE EDUCATIONAL* AND, SEPARATELY, THE FIRST
CIRCUIT'S RECENT HOLDING IN *UNITED STATES v. VALDÉS***

**TO THE HONORABLE COURT**:

Comes now defendant, Brenda Pérez García, through her undersigned attorney and respectfully alleges and prays:

**INTRODUCTION**

As this Honorable Court is aware, the same U.S. Attorney's Office that is prosecuting this case has very recently indicted another Supplemental Educational Services ("SES") company and four of its employees in a case also assigned to this Court. *See United States v. Creative Educational and Psychological Services Inc.*, 18-cr-467 (JAG), Dkt. No. 3 (Aug. 1, 2018). The *Creative Educational* Indictment now pending before the Honorable Court was charged by the very same prosecutors who indicted Ms. Brenda Perez Garcia. Furthermore, the *Creative Educational* Indictment is premised upon nearly identical allegations as those in Ms. Perez's case, but with one very

conspicuous omission: the failure to charge a *single* count of aggravated identity theft ("AIT") against any of the individual defendants.

Separately, the First Circuit recently issued a holding in *United States v. Valentín Valdés-Ayala*, No. 16-1002, which addresses a challenge to AIT counts both on sufficiency of evidence and jury instruction grounds. That case involves a different scheme (one that prayed on a child support agency and its beneficiaries, the United States Bankruptcy Court, and debtors, as opposed to a government-funded program) and a different posture (appeal on conviction after trial as opposed to motion to dismiss). And while the nature of the scheme and its procedural posture are not directly relevant to Ms. Perez's motion to dismiss, this Court can derive from the First Circuit's opinion a clear sense that the Court of Appeals has not wavered from its more applicable precedent in *United States v. Berroa*.

## THE GOVERNMENT HAS TAKEN AN INCONSISTENT LITIGATION POSITION BEFORE THIS COURT IN *CREATIVE EDUCATIONAL*

The government's glaring omission of AIT counts in *Creative Educational* should not be surprising. Indeed, as Ms. Perez noted in her April 18, 2018 informative motion, *see* Dkt. No. 1195, the same U.S. Attorney's Office prosecuting her case has now loudly and clearly retreated from the very AIT theory embraced in its indictment of Ms. Perez, in briefing before the U.S. Court of Appeals for the First Circuit.[1] *See* Brief of the United States in *United States v. Dante Rodriguez-Rivera et al.*, App. No. 17-1975 (1st Cir.),

---

[1] Ms. Perez requested that this Court take judicial notice, under Federal Rule of Evidence 201, of the government's position in that appeal (which arose from the dismissal of AIT counts by the Honorable Daniel R. Dominguez) that the AIT statute only applies where victims (a) did not authorize the use of their identities and (b) received none of the services billed in their names. *See* Brief of the United States in *Dante Rodriguez-Rivera* at 20-21, 25-26, 31-32, 37 (addressing *United States v. Michael*, 882 F.3d 624 (6th Cir. 2018), and advocating construction of AIT statute that required government in billing fraud schemes to prove victims received none of services billed in their names).

attached as Attachment A to Ms. Perez's Informative Motion in Dkt. No. 1195. In light of this concession, and Ms. Perez's other arguments for dismissing the AIT counts,[2] the government's decision to forego such charges in its latest SES indictment is not remarkable. But what it says about the government's view of Ms. Perez's AIT charges is remarkable indeed: the government, apparently now keenly aware of the litigation risk in the First Circuit from its abandonment of the AIT theory it embraced in Ms. Perez's case, has thought better of charging AIT in a closely similar case. The Court can and should read from this that the prosecutors – who are required by U.S. Department of Justice policy to charge the most serious readily provable offense the evidence can support – has conceded that the facts in *Creative Educational* (which are indistinguishable from those alleged against Ms. Perez), cannot possibly support an AIT charge.

Indeed, the U.S. Attorney's Manual (the "USAM") states in Section 9-27.300 that prosecutors must "charge and pursue the most serious, readily provable offenses." It adds: "By definition, the most serious offenses are those that carry the most substantial guidelines sentence, including mandatory minimum sentences." In fact, the USAM provides AIT as a prototypical example of what prosecutors must normally charge:

> . . . in cases involving a theft or fraud offense that also involve an aggravated identity theft charge, 18 U.S.C. § 1028A, prosecutors should ordinarily charge the predicate offense (which likely would carry the

---

[2] Ms. Perez submitted her brief in support of her objections to the Report and Recommendation ("R&R") of the Magistrate Judge, and in reply to the government's brief in opposition to Ms. Perez's objections, on March 12, 2018. *See* Dkt. No. 1190. The motion to dismiss argues, among other things, that the superseding indictment failed to allege that Ms. Perez either impersonated any alleged victim or took action on behalf of any alleged victim, and therefore did not "use" the identity of another for purposes of the AIT statute, as interpreted by the First Circuit in *United States v. Berroa*, 856 F.3d 141 (1st Cir. 2017). Ms. Perez has also explained why, for a whole host of reasons, *Berroa*'s holding applies with equal force to the "transfers" and "possesses" prongs of the statute. And she has explained why these are all quintessentially legal arguments, not challenges to evidentiary sufficiency.

>highest guidelines sentence) and the identity theft offense (which carries a mandatory minimum).

*See* U.S. Dep't of Justice, U.S. Attorney's Manual § 9-27.300.

The Attorney General recently affirmed this policy in a memorandum, attached as Attachment A, which states:

>Each United States Attorney and Assistant Attorney General is responsible for ensuring that this policy is followed, and that any deviations from the core principle are justified by unusual facts.

The requirement that "deviations from the core principle" be justified is particularly telling. This Court is entitled to wonder what justifies the deviation from the charging in Ms. Perez's case, yielding no AIT counts in the *Creative Educational* case. Ms. Perez can envision only two explanations: either there are "unusual facts" (which are not evident from the near identical factual allegations involving a competitor in the same region, during the same time period) or the U.S. Attorney's Office no longer believes the same facts can sustain an AIT charge.

Finally, Ms. Perez does not challenge the Department's broad discretion to decide what charges to bring, or, as in *Creative Educational*, not to bring. Indeed, the basis for that discretion is clear: federal prosecutors "have this latitude because they are designated by statute as the President's delegates to help him discharge his constitutional responsibility to 'take Care that the Laws be faithfully executed.'" *United States v. Armstrong*, 517 U.S. 456, 464 (1996), *citing* U.S. Const., Art. II, § 3; *see* 28 U.S.C. §§ 516, 547. But the current Attorney General – by written memorandum – has made clear the President's view that the Department must charge "the most serious, readily provable offenses" absent unusual facts. And while the government is imbued with prosecutorial discretion, this Court can and should draw logical inferences from the

4

way in which that discretion is used.  Because *Creative Educational* does not differ in any material way from this case, the Court can and should reasonably infer that the U.S. Attorney elected not to bring AIT counts in that more recent case based on her iterative understanding of the limits to that statute in the wake of *Berroa*.  The same understanding should inform this Court's granting of Ms. Perez's motion to dismiss the AIT counts in her case.

### THE COURT OF APPEALS HAS NOT WAVERED IN ITS MOST RECENT AIT HOLDING FROM DIRECTLY APPLICABLE PRECEDENT IN *UNITED STATES v. BERROA*

The First Circuit's most recent AIT decision, *United States v. Valdés-Ayala*, 2018 WL 3868836 (1st Cir. Aug. 15, 2018) – although addressing a different type of scheme – is entirely consistent with the arguments Ms. Perez has made.

The defendant in *Valdés* "illusorily promis[ed] professional legal assistance" that he in fact did not provide and which victimized a child support agency, the beneficiaries it represented, the U.S. Bankruptcy Court, and the debtors themselves.  Id. at *1.  The evidence at trial showed that he repeatedly and brazenly defrauded the U.S. Bankruptcy Court by filing Chapter 13 bankruptcy petitions, which falsely attested that the petitioners – fathers who had been incarcerated for failure to pay child support – had completed a credit counseling course.  Id. at *7.  On appeal, Valdés argued that the evidence was insufficient to support his convictions because it showed his clients had willingly given him their personal information and because the credit counseling service knew he was an intermediary for the fathers taking the course.  Id. at *28.

The Court made short work of Valdés' argument.  First, the Court noted it had previously examined in *United States v. Ozuna-Cabrera*, 663 F.3d 496, 498 (1st Cir. 2011),

5

the question whether consent prevented the use of personal information from being "without lawful authority" in violation of §1028A.  The Court had ruled in *Ozuna-Cabrera* that permission did not render subsequent use in violation of law immune from §1028A.  *Valdés* at *29, citing *Ozuna-Cabrera* at 499.  The *Valdés* Court then turned to its prior holding in *Berroa* to address the question of what it means to "use" the means of identification of another in violation of §1028A.  The *Valdés* Court noted that the First Circuit had reversed the AIT convictions in *Berroa* because the defendants there – individuals who had written prescriptions for patients after falsifying their medical license exam results – had not passed themselves off as another person or purported to take some other action on their behalf.  *Valdés* at *29-30, *quoting Berroa* at 155-56.  The *Valdés* Court then turned to the record and found abundant evidence to support the jury's conviction.  Valdés had taken several actions on behalf of two fathers, including signing their credit counseling forms to attest they had taken the course when they had not.  *Valdés* at *30-31.

*Valdés* is clearly distinguishable from Ms. Perez's case and does not alter the elements the government must prove under *Berroa* to establish a violation of §2018A.  The defendant in *Valdés* (a) obtained the victims' means of identification for the sole purpose of filing fraudulent bankruptcy petitions in a manner that required the defendant's impersonation of the fathers to falsely suggest they had completed mandatory credit counseling, and (b) returned no legitimate benefit to victims to which they were lawfully entitled (he fraudulently obtained their release from prison for delinquent child support payments).  In contrast, the superseding indictment in this case fails to allege in connection with the AIT counts that Ms. Perez impersonated any

alleged victim or took action on behalf of any alleged victim, or that she "used" the identity of another in some other way that violates the AIT statute.

## CONCLUSION

The government's considered decision not to pursue AIT counts in the *Creative Educational* Indictment – despite the close factual similarity between the allegations in that case and Ms. Perez's Indictment, and Department policy requiring the filing of AIT counts where the evidence supports such charges – speaks loudly to the government's gradual but unmistakable retreat from its theory of prosecution in Ms. Perez's case. The government's revealing statement by omission provides yet another basis for this Court to dismiss the AIT counts. Finally, the First Circuit has affirmed in *Valdés* its commitment to the *Berroa* requirement that the government alleges and proves impersonation or some other action on another person's behalf.

**RESPECTFULLY SUBMITTED.**

**CERTIFICATE OF SERVICE**: I hereby certify that on August 20, 2018, I electronically caused to be filed the foregoing brief with the Clerk of Court using the CM/ECF system which will send notification of such filing to AUSA Seth Erbe and to all other attorneys of record.

In San Juan, Puerto Rico, this August 20, 2018.

*S/RAÚL S. MARIANI FRANCO*
RAÚL S. MARIANI FRANCO
USDC-PR NO.: 210309
P.O. BOX 9022864
SAN JUAN, PR 00902-2864
Tel.: (787) 620-0038 / Fax: (787) 620-0039
marianifrancolaw@gmail.com